## In re RICHARDSON.
## No. 2957.

Court of Customs and Patent Appeals.
May 23, 1932.

Fraley & Paul and Frank B. Fox, all of Philadelphia, Pa. (Charles L. Sturtevant, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying all of the claims, Nos. 5 and 6, in appellant's application for a patent for an alleged invention relating to improvements in valves for controlling the flow of liquids; such valves being capable of operating "responsively to suction and pressure pulses in opening and closing the valve ports."

Claim 6 is illustrative. It reads: "6. In a valve of the type described, the combination of a ported seat member, a centrally apertured sheet-metal disc valve having an annular arched ridge intermediate plane concentric seating surfaces with slightly upturned peripheral edges, a guide stem for the disc valve removably secured centrally of the ported seat member and having a shoulder near its upper end with an axial screw-threaded extension, a removable sheet metal convex-overhang having a centrally apertured flat portion seating on the stem shoulder, said overhang embodying a lateral lip flange coinciding with the disc valve high point, a helical spring about the guide stem intermediate the overhang flat portion and disc valve inner seating surface, said spring being of less diameter than the inner seating surface of the ported member, and a nut on the axial threaded extension clamping the overhang rigidly in place and thereby imposing compression on the helical spring."

The references are:

Weir, 852,589, May 7, 1907.

Richardson, 1,681,364, August 21, 1928.

In its decision, the Board of Appeals described appellant's valve, and described and applied the references as follows:

"This application relates to a valve comprising a seat threaded at the center to receive a vertical stem, the stem being provided with a shoulder and threaded at its upper end. Slidable on the stem is a valve which is limited in its upward movement by a guard clamped in place between the shoulder on the stem and the nut threaded on the upper end of the stem. The coil spring is interposed between the guard and the valve. The guard and the valve are both formed of sheet metal.

"Of the references relied upon by the examiner, applicant's prior patent discloses a valve comprising a seat threaded at its center to receive a vertical stem, the stem having cast integral with it at its upper end a guard for limiting the upward movement of a valve slidable on the stem. Interposed between the guard and valve is a coil spring.

"The patent to Weir discloses a valve comprising a seat threaded at the center to receive an upwardly extending stem having a shoulder threaded at its upper end. Surrounding the stem is an annular member extending somewhat above the shoulder and clamped between the annular member and a nut threaded on the stem is a guard. Interposed between the guard and a valve is a coil spring. The valve and guard are both formed of sheet metal. It would seem evident that the member surrounding the stem might be dispensed with and the guard clamped between the shoulder on the stem and the nut threaded on the end in the same manner as in the present application.

"We have carefully considered the advantages of applicant's present structure as set forth in the brief, but we are constrained to hold that no invention would be involved in view of Weir in substituting for the guard cast integrally on the stem used in applicant's prior patent a sheet metal guard held in place by a shoulder and nut on the stem."

It is argued by counsel for appellant that each of the involved claims defines a valve "having a shoulder with an axial threaded prolongation"; that neither of the references discloses either a shoulder or its equivalent; that the patent to Weir discloses a separate spacing ring, not a shoulder; and that, therefore, the tribunals of the Patent Office were wrong in holding that Weir disclosed a stem "having a shoulder threaded at its upper end."

The Solicitor for the Patent Office has replied to the arguments of counsel for appellant, and insists that a mechanic would not attempt to hold the guard member, disclosed in Weir, in place on a stem by means of a nut, without providing a shoulder or its equivalent for the guard member to rest against; and that to use a shoulder on the stem, in place of a separate ring, would not involve invention, even though improved results might be obtained thereby.

We think the position taken by the Solicitor for the Patent Office is obviously right, and that the use of a shoulder formed integrally with the stem, in view of the references, does not involve invention.

We have carefully considered the arguments of counsel for appellant, but, in our opinion, the tribunals of the Patent Office reached the right conclusion. The decision of the Board of Appeals is, accordingly, affirmed.

Affirmed.